UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:12-CR-00103-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| MARK STEVEN BALLENGER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 98]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee ("FDS") filed a Notice of No Intention to File a Supplemental Motion [Doc. 99], and the United States ("the Government") has responded in opposition [Doc. 100].

**I.  BACKGROUND**

On May 7, 2013, Defendant pleaded guilty to one count of distribution of a detectable amount of cocaine base [Docs. 33, 37]. The Court sentenced him to 76 months' imprisonment, [Doc. 50, pg. 2], then reduced that term to 62 months on Defendant's motion under guideline Amendments 782 and 788 [Doc. 64, pgs. 1, 4]. Defendant served that term and began his term of supervised release on December 31, 2020 [Doc. 83, pg. 1]. However, the Court revoked his supervised release for non-compliance with his supervised release conditions and sentenced him to 30 months' imprisonment, which he is currently serving [Doc. 94, pg. 1]. Defendant is currently
1

incarcerated at FCI Beckley with a projected release date of August 28, 2025. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 31, 2024).

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The relevant policy statement permits retroactive sentence reduction based on guideline amendments if such a reduction is consistent with the policy statement's requirements. *See* U.S.S.G. § 1B1.10. But "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [U.S.S.G. § 1B1.10]. [That] section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 Application Note 8(A). Here, Defendant is serving a sentence of imprisonment imposed on revocation of his supervised release. Thus, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 98] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

2

Case 2:12-cr-00103-DCLC-CRW   Document 101   Filed 06/03/24   Page 2 of 2   PageID #: 258